Yes, good morning. My name is Eric Elsenheimer and I represent Mr. Robert Ortiz. The sentencing in this case, the district court concluded that Mr. Ortiz should receive a four-level enhancement for his otherwise use of a dangerous weapon. That conclusion was wrong. It was as that term is defined in the sentencing guidelines. The sentencing guidelines define the term brandishing to mean that all or part of a weapon was displayed or the presence of a weapon was otherwise made known to a person to intimidate that person. There are three key components of that definition. First, there's directionality. Second, there's specificity. And third, there's intentionality. First, directionality. The weapon or the presence of the weapon is otherwise made known to a person. That display of a weapon or making that weapon known is directed to a person. That's the directionality component. The second component is specificity. It's specific to a person. So the display of a weapon or making that weapon known is specific to a person. And three, and I think this third component is the key component of the definition of brandishing, that display or making the presence of a weapon known is done to threaten that person, to intimidate that person. So there is an intentionality component to the term brandishing. And so that definition of brandishing makes very clear what is covered by the sentencing guidelines and the term brandishing in the sentencing guidelines. And that definition of brandishing focuses on the purpose for which the firearm is being used. That focus on the purpose is critical to the analysis of what qualifies as brandishing and what goes over and becomes otherwise use of a dangerous weapon or a firearm depending on where we are in the guidelines. The focus of that definition of brandishing, the focus of brandishing is not on the conduct, the specific granular details of the conduct at issue, whether it's pointing or displaying or waving or how the weapon is being displayed or shown. Rather, the focus is on why. Why, what is the purpose for which that weapon is being displayed or its presence is being made known to someone? That focus is key because that tells us where the line is from brandishing, where it goes from showing a gun to someone to threaten that person for purposes of carrying out a robbery or carrying out a carjacking like we have in this case with Mr. Ortiz pointing the gun at A.M., the victim, to accomplish the purposes of the carjacking, where we have that line and then the line crosses over into something else where the purpose is for something other than intimidating the victim in the case. And what would be that line? It seems to me that the line is before you're making the line. I mean, brandishing is about displaying or otherwise making known to the person. Yes. And then we have otherwise using. And to me, the important terms there are displaying or in turn using, which applies a much more affirmative action, using. Displaying, yes, it certainly was displayed here, but it was also used at the same time. So to me, the line should be drawn. It seems that that's exactly the point of brandishing or otherwise using is you can show it for whatever purpose that is, but you can also use it. And here it was used, as you say, to threaten, pointed directly at two different individuals in an attempt to get the car keys. And he eventually successfully does get the keys. And so I guess I'm struggling to see why the line would be drawn somewhere beyond that. The line is drawn where I'm saying, where I'm suggesting it's drawn because that's what talking about display or making the presence known as part of brandishing. But there's another key element there, and that's that the display or the making the presence known is to a person, to intimidate that person. And those two added features of brandishing are critical in drawing that line. And I'm saying that line is drawn where it is because where it's just displayed to somebody to threaten that person, that's brandishing. The line crosses over into otherwise use, and this is to address your question, where there's some purpose of the use of the gun other than to intimidate the person. And we see that in the case law. So, for example, this court's decision... This was a specific use of the gun, not just to intimidate the person. There was a goal there. The goal was to literally threaten them. I'm going to shoot you if you don't give me these keys. I'm pointing it at you. I'm threatening you. I'm coercing you. I mean, it's more than just intimidating. But the intimidation is part of any type of robbery or carjacking. So the particular guideline that we're under covers Hobbs Act robbery, bank robbery, and carjacking. And there may be a couple others, but those are the ones we typically see. In each of those, intimidation or threat is a key critical element of each of those particular offenses. It's inherent in the offense. And so I'm suggesting that the use of the dangerous weapon is to... The part of the brandishing is to threaten the person as part of accomplishing that robbery. Now certainly if there's a threat that goes beyond accomplishing that robbery, then we're over into otherwise use. But as part of the threat or the intimidation that's part of a bank robbery or a Hobbs Act robbery or a carjacking like we have in this case, Mr. Ortiz's pointing the gun at A.M. wasn't to accomplish some other purpose. It was to get the keys to the car. That was part and parcel inherent in the nature of carjacking. He didn't then direct Mr. ... I'm sorry, Mr. Ortiz didn't direct A.M. back into the laundromat and say, get in the laundromat and stay there. Now that would be using the guns for some purpose other than the robbery. And we see that in the cases. So Gilkey, we have the use of the gun is to not just to threaten the teller, but I believe in Gilkey it's to either... It's to push the... Help effectuate pushing the teller to the ground and then taking another teller and directing that teller to another part of the bank. And in the Villar case, this is the First Circuit's decision in Villar, we see that there are a number of features of... There's two co-defendants in that case. One of the co-defendants is in the bank. The other co-defendant is outside of the bank and Villar is the co-defendant there, uses the gun to a teller who's returning from lunch and pushes it up against her back, directs her into the bank, and then gets another teller who's hiding behind a desk or behind the counter and directs that teller to come out and stand in the middle of the bank. And so the use of the weapon in that case isn't to effectuate the robbery. It's to... Villar is outside. It appears as though to make sure somebody doesn't come back in and thwart the robbery. So there's some purpose of the use of the weapon other than effectuating the robbery or the carjacking like we have here. And just to clarify the facts of... To make sure we go into the facts of why Mr. Ortiz's conduct does not fall within otherwise use and falls squarely in brandishing, he points the gun at A.M., demands the keys, and A.M. tells R.M., the person who's in the passenger seat of the B&W, to get out of the car. It's A.M. who directs the person out of the car. All Mr. Ortiz did was pointed the gun and demanded keys. That's inherent in a carjacking and that's why brandishing, his conduct falls squarely under the definition of the term brandishing and doesn't cross that line into the otherwise use of a dangerous weapon. Can you identify any cases where a gun was pointed directly, for instance, at a bank robbery, a gun was pointed directly at a teller in an effort to coerce the teller into giving him... Are you asking? A gun was pointed directly at and that was brandishing? No. I don't. Because the case that we... I'm suggesting an analysis that I don't think any cases have adopted, but I think that it's... In fact, there is a dissent in the Albertson case. This is a Ninth Circuit case. The dissent in the Albertson case doesn't mention, doesn't focus on purpose, as I'm suggesting the court should focus on purpose, but does essentially lay out. This is the directionality, the specificity, and the intentionality. What I would like to say to address Your Honor's question, what I'm suggesting does not, would not upend the case law that we have. The cases such as Villar uses a distinction between specific and general pointing of a gun, which I simply don't think is in the language of the brandishing. I might disagree with how Villar gets to where it gets, but I don't disagree with the ultimate conclusion that the gun is otherwise used in that case, because it was otherwise used. What Villar was outside of the bank and pointed at, I'm sorry, kind of accosted somebody, I don't know if it would qualify as kidnapping, but imprisoned them or confined them to take them into the bank. It's a use of the gun other than the purpose of the robbery. It was really to thwart the robbery or to prevent, not to thwart, to prevent the robbery from being thwarted by a teller who's returning and then would call authorities. So what I'm suggesting doesn't upend the case law in any way. I think this Court's decision in Gilkey, it would follow from that and is suggested by Gilkey and I believe the Court's decision in Rucker and the early 90s decision in Roberts. I believe there's another decision in Peraza. In each of those, there's some use of the gun to do more than intimidate or threaten, either to direct somebody. In one of those cases, I believe it's Peraza, but it might be Rucker, the robber uses a gun to force the tellers and the bank employees and the bank customers on the ground. And so that's a use of the gun other than just to threaten somebody to get money. What you're describing is essentially coercing someone and that's what you do when you point a gun and say, give me these keys. It's more than just intimidation. It's more than a threat. You're coercing action. But it's no more than the threat that you would have to get the money as part of a robbery or to get the... There's often times, especially in bank robberies, where someone will brandish or show a gun, but they aren't pointing it at the teller. Same with a carjacking. They're letting it be known, but if they have one, they have this weapon. And our position is that under the term... As a threat, essentially. Our position and I think what the guidelines provide is that any display of a weapon, whether it's pointing or waving or anything like that, is covered by brandishing so long as it's to someone to threaten that person. And that makes the most cogent analysis of the brandishing statute and really sets a clear line, which in my view and in reviewing the case law, a somewhat difficult distinction between specific and general doesn't do. It becomes something of an amalgamation of an analysis that I don't think has any basis in the language of the guidelines. I see that I'm at 2 minutes and 30 seconds. May I reserve the rest of my time for rebuttal? Thank you. Good morning again. May it please the court, Tiffany Walters for the United States. The district court here properly applied the otherwise used weapons enhancement, where Ortiz specifically pointed a gun at two victims to threaten them to give the car keys. I'd like to start by directly addressing Mr. Ortiz's argument that there requires some additional purpose beyond threatening a victim in order to trigger this otherwise used enhancement. First that separation is not found in the language of the guidelines and I don't think it's also reflected in this court's case law. If we look to Roberts, that was a case in which the defendant held a knife to the victim's head and he made the implication that that was for any purpose other than to get the money that was being demanded. Likewise in Gilkey, this court relied heavily on the Third Circuit's decision in Johnson. In that case, the defendant held a gun to the head of the victim, verbalized a threat that he would shoot her if she drove off with a car and demanded money. Again the purpose of the robbery was to get the money and he was using the gun to get the money. So I don't think there's any distinction in the case law between otherwise used supplies only when you tell someone to get on the floor and get out of my way so I can conduct the robbery versus I'm using the gun to actually effectuate the purposes of the robbery. Well, he makes a point though about the language of what brandish means. It means to intimidate someone, to threaten someone. And why is that distinct and, well, let me respond. I think it's important to note that contact can be more than one thing at a time. So you could have an aggravated assault that's also an attempted murder. And so similarly here, you could have conduct where Mr. Ortiz possessed the gun, for sure. He brandished it. Did he display it to intimidate? Absolutely. He needs that definition. But did he do something more than display it? I think the facts show, yes, that his behavior was more egregious, more aggravated, and inflicted more harm on the victims. Certainly pointing a gun at someone's chin at close range is far more intimidating and more direct, a much more specific threat than just making the presence of gun apparent to the victim. And I think that's the distinction between brandishing and otherwise used. And I think that's reflected in this court's case law where we're looking at was there a specific threat. I mean, if we look at the Rucker case, it's similar. It's pointing of a gun. There, they have the post office teller's points at them with a gun and tells them to get on the floor. And that's sufficient to trigger it. This conduct is similar. Here, we have someone pointing it at the chin, so presumably at fairly close range, and demanding car keys. This is indistinguishable conduct as far as triggering the otherwise used enhancement. Mr. Ortiz also attempts to interpret brandishing by relying on 924C cases in his reply brief. And I would just like to point out a distinction between brandishing for purposes of 924C and brandishing in this context. In the 924C context, there is no otherwise used category that falls between brandishing and discharging. So obviously, brandishing has to do more work to make up the space between conduct that is sort of discharging, but is more than just carrying or using, which in that context is just active employment. So those cases, while the definition of brandishing might be the same statutorily, they're just not helpful from a factual perspective. Here, the conduct is similar to what this court has found in Gilkey and what courts have uniformly recognized as constituting otherwise used. The defendant is relying heavily on a dissent in Albritton. And in that case, Judge Razon really saw that the work that otherwise used does in the context of a firearm would be to capture the conduct of pistol whipping. But we know this court has never lamented the interpretation of otherwise used in this way, because if we look at Gilkey, this court is specific that it doesn't require any contact between the gun and the victim. So pistol whipping can't be the universe of what conduct is intended to be captured. Likewise, Gilkey made clear that this doesn't turn on verbal threats. We don't need that in order to reach the question of otherwise used. This is a totality of the circumstances case, and this court regularly finds where you have specific pointing at a particular victim and a demand made that that is conduct that falls within the otherwise used category. The court has no further questions on this. I guess I'll move briefly to the sentencing issues. Mr. Ortiz raises both a procedural and substantive challenge to the sentence here. Looking at the district court's decision, it considered the mitigating factors that Mr. Ortiz requested that it consider. It weighed them against aggravating factors, and there's no factor that Mr. Ortiz presented that the district court ignored or failed to consider. He has not established that the district court plainly erred in any procedural way. And then moving to substantive reasonableness, Mr. Ortiz was given a bottom of the guideline sentence. He essentially challenges the district court's weighing of the factors, which this court doesn't re-weigh. And finally, even if the district court had looked at the brandishing enhancement instead of the otherwise used enhancement, we would be looking at a sentencing guideline range of 51 to 63 months. His 57-month sentence falls squarely in the middle of that. So it's difficult to see how his sentencing disparity shows any reasonable probability of a different outcome. There simply was no sentencing disparity here that would require the district court to grant a downward variance. So if this court has no further questions. Thank you, and I'll rest on your grace. If I can just address the government's mention that I'm relying on a dissent. I mentioned this before, but just to be clear, our reliance on the dissent in Albertson really is a reliance on the interpretive method that that dissent uses to clarify exactly what the term brandishing means. And the focus on that it's to someone to intimidate that person. That, we're not suggesting that that is somehow asking for a new set of, to restart the case law. I think that's fully in accord with all of the case law that addresses the difference between brandishing and otherwise used. Particularly in this court's decision in Gilkey, where this court said the threatening manner, but instead pointed at the victims, used it to threaten them, pointed it at one's victim's head while grabbing and lifting her by the neck and demanding money, grabbing another victim and forcing that victim to another part of the office and demanding that he open a safe to provide money. So there's more, there's a use of the firearm beyond just the threat in Gilkey. And in the government, I lastly want to point out, the government's response on the critical recognition of what we have and the limits, the limited conduct that Mr. Ortiz used. The government concedes Mr., and this is a quote, no evidence, there's no evidence that Mr. Ortiz made physical contact with our MRA and verbally threatened to shoot them, force them to physically move elsewhere or place his finger on the trigger. And that's simply within the definition of the term brandishing. It does not cross that line of otherwise use. And we'd ask the court to remand this matter for the district court for an entry of three levels for brandishing. Thank you. Thank you, counsel. Thank you both. We appreciate your very good arguments. The case will be submitted.